IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN D. REBER,

    Plaintiff,

  vs.                                   Civil Action 2:14-cv-2694
                                         Judge Marbley
                                         Magistrate Judge King

LABORATORY CORPOATION OF
AMERICA, *et al.*,

    Defendant.

## OPINION AND ORDER

    This is a medical negligence and wrongful death action in which plaintiff, proceeding on behalf of himself and as the Administrator of the Estate of Lisa Kay Reber, alleges that defendants, medical laboratories and a cytotechnologist, failed to properly examine, interpret and report the results of a medical specimen, resulting in delay in the diagnosis and treatment of the Decedent's cancer and her consequent death. This matter is now before the Court on defendants' letter request ("*Defendants' May 19, 2016 Letter*") that the Court order Licking Memorial Hospital and the Ohio State University Medical Center to release into defense counsel's custody the original pathology slides of the Decedent. Plaintiff opposes the request ("*Plaintiff's May 23, 2016 Letter*"), and defendants have replied in support of the request ("*Defendants' May 24, 2016 Letter*"). Having reviewed the submissions of the parties, the Court concludes that the matter may be resolved on the parties' submissions alone; neither a conference nor a hearing is necessary.

    By prior order of this Court, all non-expert discovery was to

have been completed by April 1, 2016. *Order*, ECF No. 36, PageID# 472. Primary expert reports are to be produced by June 1, 2016, and rebuttal expert reports are to be produced by August 1, 2016. *Id*. Expert discovery must be completed by October 1, 2016. *Id*.

Plaintiff objects to defendants' current request on the ground that the proposed discovery constitutes fact discovery, and that the time for conducting such discovery is now closed. *Plaintiff's May 23, 2016 Letter.* Plaintiff also notes that, prior to the close of fact discovery, the Court – with the agreement of all parties – ordered that two other medical facilities release the Decedent's original pathology slides into the parties' custody for a period of 60 days. *Order Requiring Fairfield Medical Center to Release Original Pathology Slides into the Parties' Custody for 60 Days,* ECF No. 47; *Order Requiring Mount Carmel Regional Medical Center to Release Original Pathology Slides into the Parties' Custody for 60 Days*, ECF No. 48.

Defendants characterize the requested discovery as timely expert discovery because their request does "not seek to uncover additional facts." *Defendants' May 24, 2016 Letter,* p. 1. Defendants represent that they collected and provided to plaintiff the medical records related to the slides now sought by them, and explain that they did not collect the slides themselves "because hospitals do not permit the parties to maintain custody of pathology slides during the pendency of litigation." *Defendants' May 19, 2016 Letter*, p. 2; *Defendants' May 24, 2016 Letter,* p. 1. Defendants seek access to the slides because, they represent, their "experts have now asked to see the original pathology slides in order to inform any opinions they may reach in this case." *Defendants' May 19, 2016 Letter*, p. 2.

This Court agrees that the requested discovery is properly characterized as fact discovery because it seeks the discovery of information upon which defendants' experts may base their opinions. *See Sparton Corp. v. United States*, 77 Fed. Ct. 10 (2007). *See also Ruiz-Bueno v. Scott*, 2014 WL 576400, *4 (S.D. Ohio Feb. 12, 2014)*(Expert discovery "is devoted to the exchange of expert reports and information about those reports, including the required Rule 26(a)(2) disclosures and depositions of the experts. . . . [S]ite visits are fact discovery just as much as are documents productions and depositions of fact witnesses, and must be requested during the fact discovery period."). Because the time for conducting fact discovery has now closed, defendants' requested discovery may proceed only if the period for conducting fact discovery is reopened for that purpose. *See* Fed. R. Civ. P. 16(b)(4).

Defendants have not asked to reopen fact discovery. *See Defendants' May 24, 2016 Letter,* p. 2 (". . . Defendants do not seek to –re-open fact discovery . . . "). Should they ask to do so, the Court would expect that, at a minimum, they be receptive to any request by plaintiff for equivalent access to the slides.

Date: May 27, 2016
                                        *s/ Norah McCann King*
                                            Norah McCann King
                                   United States Magistrate Judge