UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


BRYAN D. REBER, individually
and as Administrator of the ESTATE
OF LISA KAY REBER, Deceased,

      Plaintiff,                       Civil Action 2:14-cv-02694
    v.                               Judge Algenon L. Marbley
                                     Magistrate Judge Elizabeth P. Deavers

LABORATORY CORPORATION OF
AMERICA, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of ESI (ECF No. 67), Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Production of ESI and accompanying Motion for Costs and Fees (ECF No. 77), and Plaintiff's Reply in Support of his Motion to Compel. (ECF No. 83.) For the reasons that follow, Plaintiff's Motion is **DENIED** and Defendants' Motion for Costs and Fees is **GRANTED**.

### I.    BACKGROUND

This is a medical negligence and wrongful death action in which Plaintiff, Bryan Reber, proceeding on behalf of himself and as the Administrator of the Estate of Lisa Kay Reber, alleges that Defendants, Medical Laboratories and a cytotechnologist, Jessica Queen, failed to properly examine, interpret, and report the results of a Pap smear slide ("the Slide"), resulting in delay in the diagnosis and treatment of the Decedent's cancer and her consequent death.

## II. FACTS

Plaintiff filed this Motion to Compel on January 23, 2017. In his motion, Plaintiff asserts that he has repeatedly requested, and not received, production of "the exact start and stop time of Ms. Queen's review of the subject slide." (Plaintiff's Motion to Compel ("Pl.'s Mot. Compel") at 2, ECF No. 67.) In response to his First Set of Interrogatories requesting such information, Defendant, Jessica Queen ("Queen"), responded that she did not have the information in her possession, custody, or control and that to the extent such responsive information existed, Queen referred Plaintiff to Defendant LabCorp. Defendant LabCorp responded to Plaintiff's request by stating that "Jessica Queen screened Specimen Number 101-CS0-2055-0 at 5:35 PM Eastern Time." (Pl.'s Mot. Compel at 2.) On November 9, 2015, Plaintiff filed his Second Request for Production of Documents with Defendant LabCorp, seeking production of all electronically stored information pertaining to "the Slide." (*Id.*) In response to Plaintiff's request, Plaintiff claims that LabCorp responded, stating that it did not have the date/time stamp of when the review of the Slide began in its possession, custody, or control. (*Id.* at 3.)

In January of 2017, Plaintiffs obtained an affidavit from Jack McCrorey ("McCrorey"), Director of Imaging Product Development at Hologic, Inc., the manufacturer of the equipment used by LabCorp to review slides. In the affidavit, McCrorey provided Plaintiff with the exact start and stop times spent examining the Slide. (*Id.* at 4.) Plaintiff asserts that in light of the knowledge that the start and stop time was available to LabCorp, Plaintiff requested that LabCorp update its discovery responses. Plaintiff contends that this Court should compel production of the "requested start and end time of the review of 'the Slide'" or alternatively reopen discovery on this limited issue.

In response to Plaintiff's Motion, Defendant LabCorp explains that Plaintiff has already received the information he seeks to compel. (Defendant LabCorp's Response in Opposition to Plaintiff's Motion to Compel ("Defs. Opp.") at 1, ECF No. 77.) First, LabCorp points out that it provided Plaintiff with the information during discovery. Defendant states that "in response to Interrogatory No. 13, LabCorp provided the start time of Ms. Queen's review (5:35 PM)" and that LabCorp produced a Slide Data Record that showed the end time of Ms. Queen's review (5:38 PM). (*Id.* at 2.) Second, prior to responding to this Motion, LabCorp reached out and "told Plaintiff that it had no objection to reopening discovery for the sole and limited purpose of obtaining an affidavit from Hologic identifying the start and stop times of Jessica Queen's slide review." (*Id.* at 2–3.) Plaintiff has since received this affidavit.

Plaintiff clarified his position in his Reply. (*See* Plaintiff's Reply in Support of his Motion to Compel ("Pl.'s Reply"), ECF No. 83.) Plaintiff contends that the information provided was insufficient for two main reasons. First, he maintains it is deficient because the information is not in an admissible form and second, because Plaintiff does not have all the necessary information as the responses raised additional questions. Specifically, Plaintiff contends that the start time in the affidavit of 5:34:26 p.m. is inconsistent with Defendant LabCorp's discovery responses of 5:35 p.m. As a result, Plaintiff requests that the Court reopen discovery "for the narrow purpose of deposing Jack McCrorey, limited to the exploration of the uncertainties described above." (*Id.* at 7.)

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 37 allows for a motion to compel discovery responses when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Evasive or

3

incomplete disclosures, answers, or responses must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Under Federal Rule of Civil Procedure 34, a party may request the opposing party to produce relevant documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). However, "a party may not be compelled to produce papers or things which are not in his possession, custody, or control…." *Cent. Sts., S.E. & S.W. Areas Pension Fund v. R-W Serv. Sys.*, 1984 U.S. App. LEXIS 14002, at *6 (6th Cir. August 25, 1984) (quoting 4A J. Moore, Moore's Federal Practice P34.17 (2d ed. 1983 revision)).

As set forth above, Plaintiff seeks an order compelling Defendants to respond to discovery or to reopen discovery for the limited purpose of deposing the Director of Imaging Product Development at Hologic, Inc., Jack McCrorey. Discovery will not be reopened for the reasons discussed below.

To begin, Plaintiff misapprehends the concept of possession, custody, or control. Defendant provided Plaintiff with the information in its possession, custody, or control as required. Plaintiff received the start time Defendant had in *its* possession in response to Plaintiff's Interrogatory No. 13 and Plaintiff received the stop time during the production of documents. Plaintiff takes issue with the discrepancy between the start time provided by Defendant, 5:35 p.m., and the start time provided by McCrorey's affidavit, 5:34:36 p.m. (Pl.'s Reply at 4.) Plaintiff does not contend that Defendants purposely provided a different time or that Defendants had the 5:34:36 time in their possession. Moreover, Defendants had no obligation to supplement their discovery responses relating to the start time because they provided the information regarding the time they had in their possession. *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("documents are deemed to be within the possession, custody or

control for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.") Plaintiff never sought information from Hologic during the discovery period. (Defs.' Opp. at 2.) The information regarding the start time in the McCrorey affidavit reveals information *Hologic* had in its possession, custody, and control. Moreover, the first time Plaintiff took issue with the time difference was in his Reply; he never brought this issue to Defendants' attention during previous communications.

Further, Defendant LabCorp contacted Plaintiff on multiple occasions to explain that, in its view, Plaintiff frivolously filed the instant Motion because "[Defendants] gave you the very information you seek in that case; that is, the start and stop time for Jessica Queen's slide read. Please see LabCorp's response to interrogatory 13, as well as the slide data record produced as LabCorp 1515-16." (Defs. Ex. B, ECF No. 77-2.) Defendant then asked Plaintiff to withdraw the Motion. Additionally, Defendants asked Plaintiff to identify what information he thought he had not been provided, but Plaintiff did not respond to Defendants' question. (*Id.*)

Finally, Plaintiff takes issue with the admissibility of the evidence Defendants provided. Specifically, Plaintiff claims that Defendants have not provided sufficient information because they will not stipulate to the admissibility of McCrorey's affidavit. (Pl.'s Mot. Compel at 5.) Defendants however, have no legal obligation to stipulate to the affidavit's admissibility and Plaintiff has failed to provide any contrary authority. Defendant LabCorp correctly expressed to Plaintiff that "[LabCorp] will not dispute the admissibility of the Hologic affidavit. Like any discovery obtained during litigation from a third party, it can be used for all purposes allowed under the Federal Rules of Civil Procedure or/and the Federal Rules of Evidence." (Defs. Ex. B, ECF No. 77-2.)

5

While a party is entitled to move for a motion to compel when the opposing party fails to respond properly to discovery requests, Plaintiff has not shown that Defendants failed to provide the discovery he requested. Accordingly, Plaintiff's Motion to Compel is **DENIED**.

### IV. MOTION FOR COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37, the Court has "broad, well-recognized inherent authority to protect the administration of trials by levying sanctions in response to abusive litigation practices." *Dietrich v. Sun Expl. & Prod. Co.*, No. 92-1981/93-1442, 1994 U.S. App. LEXIS 6906, at *24 (6th Cir. March 30, 1994). Under Federal Rule of Civil Procedure 37(a)(5)(B), if a motion to compel is denied the court must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed to motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B).

Defendant LabCorp requests this Court to award it the reasonable expenses incurred in opposing the Motion, including attorney's fees. (Defs. Opp. at 4.) Plaintiff opposes the award of reasonable expenses, claiming that Defendants mischaracterized the facts to establish that his motion was moot because they had provided the very information he sought. The Court disagrees.

Defendant LabCorp's counsel repeatedly requested Plaintiff's counsel to withdraw the Motion to Compel as Plaintiff had the information in his possession. Defendant also offered to reopen discovery on a limited basis and voluntarily obtained the affidavit from Hologic.

As a result of Plaintiff's refusal to withdraw his Motion to Compel, even after Defendants repeatedly pointed Plaintiff towards the exact information requested, the Court concludes that

Defendants are entitled to reasonable attorneys' fees for the fees incurred in connection with filing the instant Motion pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(5)(B).

The Court encourages the parties to reach an agreement concerning the appropriate amount of fees to be awarded. In the event the parties cannot reach such an agreement, Defendants shall file a supplemental memorandum in support of its requested attorneys' fees and expenses, setting forth information that would permit the Court to assess the reasonableness of the fees requested, including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

**IT IS SO ORDERED.**


Date: May 3, 2017                     /s/ *Elizabeth A. Preston Deavers*
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE